UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                   Criminal Case No. 4:13-cr-20726
v.                                  Civil Case No. 4:15-cv-10551

TRAVIS A. CONNER,                 HON. MARK A. GOLDSMITH

     Defendant.

_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C.**
**§ 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

Before the Court is Defendant Travis A. Conner's motion to vacate sentence pursuant to

28 U.S.C. § 2255.  Defendant argues that his counsel was ineffective for failing to file a motion

to suppress certain evidence.  Def. Mot. at 1 (Dkt. 14).  Defendant also argues that his counsel

was ineffective for failing to challenge certain details regarding his criminal history in the

Presentence Investigation Report ("PSIR").  Id. at 7.  Because Defendant's claims are without

merit, the motion is denied.

**II.  BACKGROUND**

In July of 2013, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") obtained information that Defendant was possibly trafficking illegal drugs from 554 E.

Harriet Street in Flint, Michigan.  Gov't Resp. at 2 (Dkt. 18).  ATF surveillance teams observed

Defendant going to and from that residence.  Id.  An ATF agent informed Defendant's then-

1

probation officer with the Michigan Department of Corrections ("MDOC"), Anthony Ford, of the ATF's investigation.  Def. Mot. at 3.[1]

On July 11, 2013, Agent Ford obtained an arrest warrant for Defendant for unrelated probation violations.   One violation was based on a police report filed on May 22, 2013 concerning a complaint by Lisia Williams, Defendant's girlfriend, that he had assaulted her. Gov't Resp. at 2-3.  Another probation violation supporting the arrest warrant was Defendant's failure to provide a current address to his probation agent.  Id. at 3.

On July 12, 2013, Agent Ford went with the ATF agents to 554 E. Harriet in order to arrest Defendant.  Id.  Ms. Williams answered the door and allowed the agents to enter, telling the agents that Defendant was sleeping upstairs.  Id.  Defendant was arrested without incident. Id.  During the arrest, the agents noticed a shotgun, a handgun case, and multiple boxes of ammunition in plain view.  Id.  When questioned, Defendant admitted that there also was a loaded handgun under the mattress where he had been sleeping.  Id.

Based on that evidence and Defendant's arrest history, a state district judge issued a search warrant for 554 E. Harriet Street.  Gov't Resp., Ex. 1 at 15 (Dkt. 18-2).  During the search, the ATF agents recovered the shotgun and the handgun.  Gov't Resp. at 4.  In addition to the weaponry, the agents discovered crack cocaine, a portable scale, a razor blade and glass cutting board, plastic bags, and numerous keys.  Id.

Ms. Williams stated that the shotgun and handgun were hers and were legally purchased. Id. at 5.  She also stated that the keys were to her then-vacant rental properties, and that Defendant was the only other person who had access to those properties.  Id. at 4-5.  Ms. Williams permitted the agents to search those two properties.  Id.  Inside one of the properties,

---

[1] Defendant was on probation for a prior conviction of Maintaining a Drug Vehicle.  Gov't Resp. at 2 (Dkt. 18).

agents discovered a duffle bag containing numerous weapons and ammunition. <u>Id.</u> Ms. Williams stated that the items were not previously there, and she denied knowledge of the duffle bag and its contents. <u>Id.</u>

A federal grand jury returned a two-count indictment against Defendant on October 2, 2013, charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Indictment at 1-2 (Dkt. 1). On November 20, 2013, Defendant entered into a Rule 11 plea agreement with the Government, pleading guilty to the drug count (Dkt. 10). As part of the agreement, the Government agreed to dismiss the firearm charge. Plea Agreement at 6. Defendant was sentenced to 52 months of imprisonment. Am. Judgment at 2 (Dkt. 13).

### III.  28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." <u>Humphress v. United States</u>, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors generally are outside the scope of § 2255 relief. <u>See</u> <u>United States v. Cofield</u>, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a

3

complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing § 2255 Cases, Rule 4(b).

## IV.  ANALYSIS

Defendant raises two primary arguments in support of his motion: (i) counsel was ineffective for purportedly failing to investigate a potential motion to suppress evidence; and (ii) counsel was ineffective for failing to challenge Defendant's criminal history score in the Presentence Investigation Report.  Both arguments lack merit.

### A.  Motion to Suppress

Defendant first argues that his counsel was deficient for failing to investigate a potential motion to suppress the evidence discovered during the execution of the July 11, 2013 arrest warrant.[2]  Def. Mot. at 7.  To satisfy the rigorous standard required to sustain such a claim,

---

[2] Defendant does not argue that the search warrant obtained by the ATF agents following Defendant's arrest was illegal or without probable cause.  To the contrary, Defendant states that

Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that the defendant was prejudiced as a result of his counsel's deficient performance." See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 687-688 (1984)).  The Court has "no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697; see also Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Where the principal allegation of ineffectiveness is defense counsel's failure to competently litigate a Fourth Amendment claim, the defendant must also prove that his Fourth Amendment claim is meritorious.  Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Otherwise, there can be no prejudice from counsel's failure to move to suppress the evidence. Id.  Because Defendant's Fourth Amendment claim is without merit, the Court holds that his ineffective assistance claim fails.

Defendant asserts that the ATF agents and Agent Ford "concocted a scheme" to obtain the arrest warrant, and that the only reason Agent Ford sought the arrest warrant was so that ATF agents could accompany Agent Ford into the 554 E. Harriet Street residence.  Def. Mot. at 3. Defendant appears to invoke what is known as the "stalking horse" theory, although he does not identify it as such.  See, e.g., United States v. Penson, 141 F. App'x 406, 410 (6th Cir. 2005). Under the "stalking horse" theory, a search by a probation or parole officer is illegal when it is a "subterfuge" for a criminal investigation by another law enforcement officer who lacks an independent basis for probable cause to conduct his or her own search.  Id.

---

"the illegal search had taken place before the obtainment of the search warrant."  Def. Mot. at 6 (emphasis added).

The premise of the theory is that the Fourth Amendment is violated based on the subjective intent of a law enforcement officer, regardless of whether the officer has an objectively legitimate basis for his conduct.  In our case, Defendant contends that Agent Ford's subjective intent to assist ATF in accomplishing its law enforcement objective invalidates the arrest, regardless of whether Agent Ford had an objectively legitimate basis in law to effect an arrest.

However, Defendant cannot mount a challenge to conduct otherwise lawful under the Fourth Amendment on the basis of pretext.  In Whren v. United States, 517 U.S. 806 (1996), the Supreme Court held that a traffic stop – that a reasonable officer could have effected based on objective evidence to support reasonable suspicion of a traffic violation – was not invalid, even if the officer was subjectively motivated to investigate other violations of the law for which he had no reasonable suspicion.  Id. at 813.  Where there are no countervailing constitutional concerns – such as an intentionally discriminatory application of the law based on racial animus – "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id.  In other words, courts are "unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers . . . ." Id.

Likewise, in determining whether the search of a probationer's premises was constitutional, the Supreme Court has held that it is irrelevant what purpose the probation officer may have actually had in undertaking the search of a probationer's residence, so long as the circumstances provided "reasonable suspicion" of criminal activity.  United States v. Knights, 534 U.S. 112, 122 (2001) (holding that "there is no basis for examining [the] official purpose of the search"); see also United States v. Stokes, 292 F.3d 964, 967 (9th Cir. 2002) (opining that the

Supreme Court in <u>Knights</u> "put a stop" to the line of cases holding that a probation search, if it is a subterfuge for a criminal investigation, violates the Fourth Amendment).[3]

Defendant's "stalking horse" theory is, therefore, at odds with the Supreme Court's holdings eschewing inquiry into an officer's subjective motivation.  Agent Ford's subjective agenda is irrelevant, so long as he had an objectively legitimate basis to arrest Defendant on July 12, 2013.  And that he did, as evidenced by the arrest warrant.

Defendant's efforts to attack the validity of the warrant fail.  No showing has been made that the arrest warrant, signed by a state judicial officer, was defective.  It was supported by probable cause that Defendant had violated the law by assaulting his girlfriend.  In her complaint to the police, she alleged conduct on the part of Defendant that violated condition 4.18 of his probation order prohibiting assaultive behavior.  Def. Mot. at 2-3; Gov't Resp. at 2-3. Additionally, Defendant does not deny that he was living somewhere other than at the address he provided to MDOC, and that the living arrangement violated his probation.  These facts amply supported his arrest for violation of his probation.

Defendant further claims that the warrant was infected by misstatements contained in the affidavit supporting the warrant, and seeks a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154, 155-156 (1978).  But he fails to make the requisite "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit."  <u>Id.</u>  He claims only that the "conspiracy" between Agent Ford and ATF was not disclosed – a "conspiracy" that was legally irrelevant, even if it existed.

---

[3] Although the Sixth Circuit has not ruled on the continued vitality of the "stalking horse" theory, it has questioned whether the theory remains a "cognizable argument."  <u>Penson</u>, 141 F. App'x at 410 n.2.

Defendant's other arguments assailing the facts supporting the warrant also misfire.  That the assault occurred two months before his arrest is irrelevant; there is no "staleness" theory for undermining an arrest warrant.  United States v. Stephenson, 490 F. Supp. 625, 630 (E.D. Mich. 1979).   Equally irrelevant is the argument that Defendant's girlfriend did not wish to press charges.  Victims, who may well be intimidated from pressing charges, do not dictate whether a crime will be prosecuted.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  And the alleged determination by the Genesee County Prosecutor's Office that it did not wish to prosecute the assault is irrelevant, because a suspected probation violation can lead to revocation of probation regardless of whether the alleged crime constituting the violation is separately prosecuted by local authorities.  See United States v. Webster, 492 F.2d 1048, 1051 (D.C. Cir. 1974) (a judge may decide to revoke probation even "where the crime said to have been committed was not prosecuted").

All that is left are Defendant's conclusory arguments that the warrant was illegally obtained.  However, a successful § 2255 motion must consist of something more than legal conclusions unsupported by factual allegations.  Short v. United States, 504 F.2d 63, 65 (6th Cir. 1974).

Because the arrest warrant in this case was not obtained illegally, Defendant offers no basis for suppression.  Having found that Defendant's Fourth Amendment claim would not have been meritorious, Defendant's counsel acted reasonably in choosing not to file a motion to suppress.  Accordingly, the Court rejects Defendant's claim of ineffective assistance of counsel for failing to file a motion to suppress.[4]

---

[4] Defendant also alleges that counsel was ineffective when counsel advised Defendant to plead guilty.  Def. Mot. at 7.  Because this allegation is premised upon the success of his ill-fated Fourth Amendment argument, the Court rejects this claim, as well.

8

### B.  Criminal History

Defendant also claims that his counsel was ineffective for not objecting to a mistake made when calculating Defendant's criminal history score.  Specifically, Defendant objects to paragraph 28 of the PSIR, in which three criminal history points were assigned to his 2001 conviction of carrying a concealed weapon.  Def. Mot. at 7.  Defendant argues that only two points were assessable.  To satisfy Strickland's prejudice prong in an ineffective assistance claim premised upon an alleged scoring error, Defendant must show that, but for the error, his sentencing guideline range would be lower.  See United States v. Pomales, 268 F. App'x 419, 423 (6th Cir. 2008).  Here, Defendant's claim fails because he cannot show prejudice.

The Government concedes that it was a mistake to assign three criminal history points for Defendant's 2001 conviction.  Gov't Resp. at 6-7.  The Government claims that the mistake occurred because the Probation Department failed to take note of the second amended judgment in that case, under which Defendant was sentenced to serve a flat 9-month sentence, instead of the 9- to 60-month sentence set forth in the first amended judgment.  Id. at 7.  Had this been properly noted in the PSIR, Defendant would have received two criminal history points, not three, for his 2011 conviction.  See U.S. Sentencing Commission, Guidelines Manual § 4A1.1. Defendant's corrected base criminal history score should have been eight, not nine. Because the offense occurred while Defendant was on probation, two points were appropriately added to his base score.  Therefore, Defendant's total criminal history score should have been ten points, rather than the eleven points he was assessed.

Defendant has not explained how this error prejudiced him.  Criminal history scores of ten and eleven both place a defendant in criminal history category V.  See U.S.S.G. § 5A.  Thus,

even if the PSIR had been objected to and corrected, Defendant's guideline range would have remained the same.  And where a defendant's advisory sentencing range would not be changed after an adjustment to his criminal history score, the defendant has not suffered prejudice. Pomales, 268 F. App'x at 423.

For these reasons, Defendant cannot show that he was prejudiced by his counsel's failure to object to the mistake in the PSIR.[5]  Accordingly, the Court rejects Defendant's argument based on ineffectiveness of counsel .

## C.  Certificate of Appealability

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To meet that burden, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further.  See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). Because reasonable jurists could not find this Court's assessment of his claims debatable, the Court will deny Defendant a certificate of appealability.

---

[5] Defendant also claims that his attorney was ineffective for failing to investigate his prior conviction of carrying a concealed weapon in violation of Mich. Comp. Laws § 750.227. Defendant argues that conviction should be considered a misdemeanor for scoring purposes. Def. Mot. at 10.  However, as a matter of law, this argument is meritless.  For purposes of computing criminal history, the term "felony offense" includes any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.  U.S.S.G. § 4A1.2(o).  Michigan Compiled Laws § 750.227 states that "[a] person who violates this section is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00."  Therefore, Defendant's prior conviction was a felony, not a misdemeanor.

## V.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence

under 28 U.S.C. § 2255.

SO ORDERED.


Dated:  December 2, 2015                      s/Mark A. Goldsmith
          Detroit, Michigan                   MARK A. GOLDSMITH
                                              United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and
any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2015.


                                              s/Karri Sandusky
                                              Case Manager

11